UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MEINTS,<br><br>                              Plaintiff,<br>vs.<br>REGIS CORPORATION,<br><br>                              Defendant. | CASE NO. 09cv2061 WQH (CAB)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is Defendant's Motion to Stay Proceedings. (Doc. # 13).

**BACKGROUND**

On September 21, 2009, Plaintiff initiated this action by filing a complaint. (Doc. # 1). The complaint is a proposed class action against Defendant for several alleged violations of the California Labor Code. *Id.* On November 30, 2009, Defendant filed an answer to the complaint. (Doc. # 7). On December 1, 2009, Defendant filed its Motion to Stay Proceedings on the grounds that there is a class action with many of the same claims pending against Defendant in the Central District of California. (Doc. # 13).

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff alleges claims on behalf of Defendant's employees who were underpaid in violation of California law. (Doc. # 1 at ¶ 8). Plaintiff alleges claims for (1) violation of California Labor Code § 510 and § 1198 for failing to pay overtime; (2) violation of California

Labor Code § 226.7 and § 512(a) for failing to pay meal period premiums; (3) violation of California Labor Code § 226.7 for failure to pay rest period premiums; (4) violation of California Labor Code § 2800 and § 2802 for failing to pay business expenses; (5) violation of California Labor Code § 1194, § 1197, and § 1197.1 for failure to pay minimum wages; (6) violation of California Labor Code §§ 201-202 for failure to timely pay wages upon termination; (7) violation of California Labor Code § 204 for failing to pay wages on time; (8) violation of California Labor Code § 226(a) for noncompliant wage statements; and (9) violation of California Labor Code § 17200. *Id.* at ¶ 25-91. Plaintiff proposes three subclasses of plaintiffs: (1) an unpaid wages subclass of all employees who received hourly or mixed hourly and commission income while working for Defendant at a store location in California from four years before the complaint was filed until the date of class certification; (2) a non-compliant wages subclass of all employees who received a wage statement from a year before the filing of the complaint until the date of class certification; and (3) an unreimbursed business expenses subclass of all employees who paid business-related expenses in California from four years before the complaint was filed until the date of class certification. *Id.*

Plaintiff alleges the following questions of law and fact are common to the class: (1) whether Defendant willfully violated the California Labor Code by "failure to pay wages, without abatement or reduction;" (2) whether Defendant required employees to work over eight hours per day, over twelve hours per day, or over 40 hours per week and failed to pay overtime; (3) whether Defendant required employees to work during meal periods without compensation; (4) whether Defendant required employees to work during rest periods without compensation; (5) whether Defendant failed to reimburse employees for business expenses incurred in the scope of their employment; (6) whether Defendant failed to pay minimum wages; (7) whether Defendant failed to report wages as required by California Labor Code § 226; (8) whether Defendant failed to pay employees all wages earned; (9) whether Defendant's conduct was willful or reckless; (10) whether Defendant engaged in unfair business practices; and (11) damages.

**CONTENTIONS OF THE PARTIES**

Defendant contends that the case should be stayed pending the resolution of *Lopez v. Regis Corp.*, 08cv9221 RGK (Cwx) (C.D. Cal.), which was filed on December 12, 2008 and is currently pending in the Central District of California. (Doc. # 13). In the alternative, Defendant contends that the Court should limit Plaintiff's class discovery to her cause of action for business expenses and her other claims as to the time period between September 21, 2005 and November 12, 2007. *Id.* Defendant contends that *Lopez* is nearly identical to Plaintiff's subsequently filed action. (Doc. # 13-1 at 3). Defendant contends that the parties in *Lopez* have reached a proposed $ 2.5 million settlement agreement which certifies a class of 3,200 current and former employees and releases Defendant from further liability for all claims under the Fair Labor Standards Act and the California Labor Code. *Id.* at 4. If the court approves the settlement, Defendant contends that "not only will Plaintiff's rights be affected, but so too will most of the individuals she seeks to represent in her putative class action." *Id.* at 5. Defendant contends that a stay is therefore proper under the "first to file" doctrine, which allows district courts to dismiss or stay cases where there is a previously-filed pending action in another district court relating to the same issues between the same parties. *Id.* at 6. Defendant contends that the issues and parties do not have to be identical, rather that both must be "substantially similar," a requirement which is met by the similarity between the classes and claims in *Lopez* and in this case. *Id.* at 7.

Plaintiff contends that the motion to stay is premature and that the first to file rule should not be applied where the "first-filed case was filed only a relatively short time before subsequent cases." (Doc. # 16 at 4). Plaintiff contends that the two cases are not identical and that inadequate discovery was conducted in the first-filed case. *Id.* Plaintiff contends that the present case alleges a claim for unreimbursed expenses pursuant to California Labor Code § 2802 which was not alleged in *Lopez. Id.* at 5. Plaintiff contends that this case covers the entire statutory period permitted by the statute of limitations, whereas the *Lopez* action does not. *Id.* at 8. Plaintiff contends that there is an objection to the *Lopez* settlement by the named plaintiff in another purported class action case, *Manukyan v. Regis*, 09cv4807 (C.D. Cal),

1  seeking more discovery before the court approves the settlement agreement. *Id.* at 9. Plaintiff
2  contends that even if a stay is appropriate as to her claims which overlap with the claims at
3  issue in *Lopez*, the Court should not stay this case as to Plaintiff's unreimbursed business
4  expenses claim because the Plaintiffs in *Lopez* did not raise that claim. *Id.* at 13.

## ANALYSIS

6        Federal courts follow a well-established rule that a district court may transfer, stay, or
7  dismiss an action when another similar complaint has already been filed in another federal
8  court. *Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.3d 622, 623 (9th Cir. 1991). This rule
9  "serves the purpose of promoting efficiency well and should not be disregarded lightly."
10 *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir 1979).
11 District courts have significant discretion in deciding whether to apply the first to file rule. *See*
12 *Alltrade*, 946 F.3d at 627-28. "[W]ise judicial administration, giving regard to the
13 conservation of judicial resources and comprehensive disposition of litigation does not counsel
14 rigid mechanical solutions of such problems." *Id.* (*citing Kerotest Mfg. Co. v. C-O-Two Fire*
15 *Equipment Co.*, 342 U.S. 180, 183 (1952)). However, unless a lawsuit was filed in bad faith,
16 was anticipatory, or involved forum shopping, courts should generally apply the first to file
17 rule. *Id.* Even if "neither action has proceeded past the pleading stage . . . permitting multiple
18 adjudication of [] identical claims could serve no purpose of judicial administration."
19 *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir 1982). Cases are
20 sufficiently similar to warrant application of the rule if the parties and the issues are the same.
21 *Id.* at 95. However, the cases and parties need not be completely identical. *See id.* at 95-95;
22 *see also Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) (holding that *Colorado*
23 *River* abstention does not require "exact parallelism," only that the two cases are "substantially
24 similar"). In applying the first to file rule, "courts are not bound by technicalities." *Church*
25 *of Scientology*, 611 F.2d at 749. The Ninth Circuit has warned that "in this day of increasingly
26 crowded federal dockets. . . . 'it [is] imperative to avoid concurrent litigation in more than one
27 forum whenever consistent with the rights of the parties.'" *Id.* at 750 (*citing Crawford v. Bell*,
28 599 F.2d 890, 893 (9th Cir. 1979)).

The *Lopez* action predates this action and involves substantially similar issues and parties. Eight of Plaintiff's nine claims are identical to the claims in *Lopez*. Plaintiff alleges a claim for reimbursement of business expenses not alleged in *Lopez* and Plaintiff's claims cover a two-year period not alleged in *Lopez*. However, the proposed settlement in *Lopez* would release Defendant from further liability for all claims under the Fair Labor Standards Act and the California Labor Code for the entire statute of limitations period. If the *Lopez* settlement is approved, it may prevent Plaintiff from proceeding with this case as a class action as to any of her claims. Allowing Plaintiff to proceed to class discovery in this case when a settlement potentially barring her class action is pending would waste judicial resources and require Defendant to expend significant effort to comply with discovery requests in a case which is unlikely to result in a class certification. The motion to stay is granted.

**ORDER**

IT IS HEREBY ORDERED that Defendant's Motion to Stay Proceedings (Doc. # 13) is GRANTED. The case is stayed until June 14, 2010. On June 14, 2010, the parties shall submit a report regarding the status of *Lopez v. Regis Corp.*, 08cv9221 RGK (Cwx) (C.D. Cal.). Any request for a further stay beyond June 14, 2010 shall be filed as a new motion.

DATED: February 16, 2010

**WILLIAM Q. HAYES**
United States District Judge