# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER MEINTS, individually, and on behalf of all other members of the general public similarly situated,<br><br>                              Plaintiff,<br>vs.<br>REGIS CORPORATION, a Minnesota Corporation,<br><br>                             Defendant. | CASE NO. 09cv2061 WQH (CAB)<br><br>ORDER |

HAYES, Judge:

    The matters before the Court are Plaintiff's Motion to Lift Stay (Doc. # 21) and Defendant's Motion to Stay Proceedings (Doc. # 22).

## BACKGROUND

On September 21, 2009, Plaintiff initiated this action by filing a complaint. (Doc. # 1). The complaint is a proposed class action against Defendant for several alleged violations of the California Labor Code. *Id.* On November 30, 2009, Defendant filed an answer to the complaint. (Doc. # 7). On December 1, 2009, Defendant filed a Motion to Stay Proceedings on the grounds that there is a class action with many of the same claims pending against Defendant in the Central District of California. (Doc. # 13). The Court granted the motion on February 16, 2010 and stayed the case until June 14, 2010. (Doc. # 18). The Court held that a stay was appropriate because a pending settlement agreement in *Lopez v. Regis Corporation*, 08cv8221 RKG (CWx) (C.D. Cal.), a putative class action in the Central District of California

1 "may prevent Plaintiff from proceeding with this case as a class action as to any of her claims."
2 *Id.* at 5. The Court concluded that "allowing Plaintiff to proceed to class discovery" under
3 these circumstances "would waste judicial resources and require Defendant to expend
4 significant effort to comply with discovery requests in a case which is unlikely to result in a
5 class certification." *Id.* The Court further held that "[a]ny request for a further stay beyond
6 June 14, 2010, shall be filed as a new motion." (Doc. # 18). On April 13, 2010, Plaintiff filed
7 her Motion to Lift Stay. (Doc. # 21). On April 19, 2010, Defendant filed its Motion to Stay
8 Proceedings. (Doc. # 22).

## ALLEGATIONS OF THE COMPLAINT

10 Plaintiff alleges claims on behalf of Defendant's employees who were underpaid in
11 violation of California law. (Doc. # 1 at ¶ 8). Plaintiff alleges claims for (1) violation of
12 California Labor Code § 510 and § 1198 for failing to pay overtime; (2) violation of California
13 Labor Code § 226.7 and § 512(a) for failing to pay meal period premiums; (3) violation of
14 California Labor Code § 226.7 for failure to pay rest period premiums; (4) violation
15 of California Labor Code § 2800 and § 2802 for failing to pay business expenses; (5) violation
16 of California Labor Code § 1194, § 1197, and § 1197.1 for failure to pay minimum wages;
17 (6) violation of California Labor Code §§ 201-202 for failure to timely pay wages upon
18 termination; (7) violation of California Labor Code § 204 for failing to pay wages on time;
19 (8) violation of California Labor Code § 226(a) for noncompliant wage statements; and
20 (9) violation of California Labor Code § 17200. *Id.* at ¶ 25-91. Plaintiff proposes three
21 subclasses of plaintiffs: (1) an unpaid wages subclass of all employees who received hourly
22 or mixed hourly and commission income while working for Defendant at a store location in
23 California from four years before the complaint was filed until the date of class certification;
24 (2) a non-compliant wages subclass of all employees who received a wage statement from a
25 year before the filing of the complaint until the date of class certification; and (3) an
26 unreimbursed business expenses subclass of all employees who paid business-related expenses
27 in California from four years before the complaint was filed until the date of class certification.
28 *Id.*

Plaintiff alleges the following questions of law and fact are common to the class: (1) whether Defendant willfully violated the California Labor Code by "failure to pay wages, without abatement or reduction;" (2) whether Defendant required employees to work over eight hours per day, over twelve hours per day, or over 40 hours per week and failed to pay overtime; (3) whether Defendant required employees to work during meal periods without compensation; (4) whether Defendant required employees to work during rest periods without compensation; (5) whether Defendant failed to reimburse employees for business expenses incurred in the scope of their employment; (6) whether Defendant failed to pay minimum wages; (7) whether Defendant failed to report wages as required by California Labor Code § 226; (8) whether Defendant failed to pay employees all wages earned; (9) whether Defendant's conduct was willful or reckless; (10) whether Defendant engaged in unfair business practices; and (11) damages.

## CONTENTIONS OF THE PARTIES

Plaintiff contends that the case should not be further stayed because the proposed settlement in the *Lopez* class action which was previously pending in the Central District has been denied and the case has been dismissed. (Doc. # 21-1 at 2). Plaintiff attached orders from the *Lopez* case denying conditional class certification and dismissing the case. (Doc. # 21-2 at 7-14).

Defendant contends that two other pending putative class action lawsuits based on the same labor practices Plaintiff challenges which were filed before Plaintiff initiated this action require staying this case under the first-to-file rule.   (Doc. # 22 at 6). One of the cases Defendant identifies is *Mook,* which had previously been consolidated with *Lopez* in the Central District of California, and was remanded to state court when *Lopez* was dismissed. *Id.* at 8. The other case Defendant identifies is *Manukyan*, which is pending in the Central District of California. *Id.* Defendant contends that the parties in this action and in the *Mook* and *Manukyan* actions are identical. *Id.* at 12. Defendant contends that the issues are "substantially similar" in all three cases, although Plaintiff raises claims as to meal and rest breaks that are not raised by *Mook* or *Manukyan*. *Id.*

1    Defendant further contends that Plaintiff's claims about rest and meal breaks should be
2 stayed pending the outcome of the California Supreme Court decision in *Brinker*, which will
3 "decide the legal standard applicable to many of Plaintiff's claims and will dictate what
4 evidence is relevant to those claims . . . ." *Id.* at 15-16.  Defendant contends that these claims
5 should be stayed to avoid "substantial discovery and motion practice under the incorrect legal
6 standard . . . ." *Id.* at 16.

7    In her opposition to Defendant's Motion to Stay Proceedings, Plaintiff contends that the
8 first-to-file rule does not apply because the actions are not identical. (Doc. # 27 at 8).  Plaintiff
9 contends that her "meal and rest break claims and unreimbursed business expenses subclass
10 raise[] factual and legal claims unlike any in either the *Mook* or the *Manukyan* actions." *Id.*
11 Plaintiff contends that even if a stay is appropriate as to her other claims, her claims related to
12 meal and rest breaks and unreimbursed business expenses should not be stayed because those
13 issues will not be addressed by the other previously filed lawsuits. *Id.*  Plaintiff notes that
14 Defendant has reached a settlement agreement in *Mook* after a mediation in which Plaintiff
15 participated, but contends that this action should proceed "unless and until the proposed
16 settlement is approved and finalized . . . . " *Id.* at 9.

17    Plaintiff contends that a stay pending the resolution of the appeal in *Brinker* is
18 inappropriate because *Brinker* only addresses some of her claims. *Id.* at 11.  Plaintiff contends
19 that she will suffer harm if the case is stayed while the California Supreme Court is
20 adjudicating *Brinker* because it will delay conducting discovery, which may prejudice
21 Plaintiff's case. *Id.*  Plaintiff contends that a stay will "likely deplete the number of witnesses
22 available to Plaintiff's counsel to interview and the corresponding evidence they may have,
23 since over time, the witnesses are more apt to move and discard potentially relevant
24 documents." *Id.*

25    In its reply, Defendant contends that  the settlement agreement reached in a mediation
26 held on May 10, 2010 in *Mook* will bar Plaintiff from "continuing most or all of her claims
27 under the doctrines of estoppel and res judicata." (Doc. # 28 at 2).  Defendant contends that
28 Plaintiff was a participant in the *Mook* mediation and that Plaintiff will have an opportunity

1  to object to the settlement agreement in *Mook*. *Id.* at 3, 5. In an attached declaration,
2  Defendant's counsel states "on or before June 28, 2010, counsel for Mook . . . will seek Judge
3  Bauer's approval of the mediated settlement agreement via a motion for preliminary approval
4  to be heard on that date. If Judge Bauer approves the settlement, all of Meints' claims in her
5  putative class action, including any claims for missed meal and rest breaks and failure to
6  reimburse employees for business expenses, will be included in the class settlement." (Doc.
7  28-1 at 2.

## ANALYSIS

9  The stay that the Court previously granted in this case expired on June 14, 2010. (Doc.
10  # 18 at 5). Plaintiff's Motion to Lift Stay is denied as moot.

11  As was the case with the *Lopez* action, there is significant overlap between Plaintiff's
12  claims in this case and the claims being raised in *Mook*, which was filed on December 21, 2008
13  in the Superior Court of California for the County of San Diego. *See* Doc. # 22-4. Both
14  Plaintiff in this case and the plaintiff in *Mook* allege claims under California law for unpaid
15  overtime, unpaid minimum wages, failure to timely pay wages upon termination, failure to
16  timely pay wages during employment, and unfair competition. *Compare* Doc. # 1 (Plaintiff's
17  Compl.) with Doc. # 22-4 at 36-39 (Compl. in *Mooks*). Plaintiff alleges claims related to rest
18  and meal breaks and unpaid business expenses which are not alleged in *Mooks*, but the
19  proposed settlement in *Mooks* would release Defendant from further liability for all claims
20  under the Fair Labor Standards Act and the California Labor Code for the entire statute of
21  limitations period. A motion to approve the proposed settlement is currently pending before
22  the state court adjudicating *Mooks*. If the *Mooks* settlement is approved by the court, it is
23  likely to prevent Plaintiff from proceeding with this case as a class action as to any of her
24  claims. Allowing Plaintiff to proceed to class discovery in this case when a settlement
25  potentially barring her class action is pending would waste judicial resources and require
26  Defendant to expend significant effort to comply with discovery requests in a case which is
27  unlikely to result in a class certification. The motion to stay is granted. The case is stayed
28  until October 25, 2010.

# ORDER

IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion to Lift Stay (Doc. # 21) is **DENIED AS MOOT**.

(2) Defendant's Motion to Stay Proceedings (Doc. # 22) is **GRANTED**.

(3) The case is stayed until October 25, 2010. On October 25, 2010, the parties shall submit a report regarding the status of *Mooks v. Regis Corp.*, 37-2008-00098337-CU-DE-CTL (Super. Ct. San Diego, Cal.). Any request for a further stay beyond October 25, 2010 shall be filed as a new motion.

DATED: August 2, 2010

**WILLIAM Q. HAYES**
United States District Judge